Mathews, J.
delivered the opinion of the court. This case comes up on several bills of exceptions. The plaintiff and appellee claimed damages from the appellants for a trespass alleged to have been committed by them in forcibly taking and conveying away from the plantation of one Anthony Maxent, a negro woman and her children, the property of the plaintiff, and so ill treating the woman that she died.
The present appeal is taken from a second trial of the cause, which was before this court, on a former occasion, on a bill of exceptions to the opinion of the district court, in rejecting some evidence offered by the plaintiff: whereupon the cause was remanded with directions to admit the evidence, which has been accordingly done. Ante 66.
We find, in the record of the proceedings, on the second trial, bills of exceptions taken by the defendants and appellants to the opinion of the district court. 1. In denying them the privilege of amending their answer, in such a manner as specially to plead fraud in the plaintiff, so as to *622 defeat his title to the slaves. 2. In refusing to admit written and oral testimony: to prove collusion and fraud in an agreement between the plaintiff and Maxent, by which the former obtained a title to the slaves. 3. In refusing to receive as evidence the deposition of Maxent, taken at the instance of the defendants, because the witness had been examined on a commission taken by the plaintiff.
I. As we are of opinion that the judge erred in rejecting the testimony offend by the defendant, on the general issue, it becomes unnecessary to notice the opinion, in refusing to allow the amendment.
II. The plaintiff, in his petition alleges property in himself in the slaves, and force and injury in the defendants, whereby he lost his property: the answer denies both these principal allegations and it was necessary that they should be proven to authorise a recovery in damages.—The evidence of the title to the property in the plaintiff is a bill of sale made to him by a proper officer, who sold the slaves by virtue of an execution, in a suit of the plaintiff against Maxent, in whose possession the woman was at the time of the alleged trespass. In opposition to *623 this title and to resist the claim of damages, the defendants offered evidence below to prove that Maxent had purchased the slave from one of them: they also offered to shew by oral evidence that the whole transaction relating to the suit, judgment and execution between Maxent and Bayon, was feigned, fraudulent and done with the view of defeating the just claims and rights of creditors, of whom L. Mollere, sen. states himself to be one by judgment, and having a privilege on the property in dispute as vendor to Maxent. The plaintiff has no just claim to damages for the loss of the slave, to the full extent of his value, unless he makes out a clear title in himself. It is true that the sale and delivery to Maxent gives the complete ownership of the thing sold, which he might have passed to any other person, by a fair and honest sale, or a legal conveyance, subject however, to all liens on it arising from contracts or the operation of the law. But a feigned and fraudulent alienation of property can give no title to one who is a party to such fiction and fraud, against the rights of third persons. Yet, admitting the title of the plaintiff and appellee, under all the circumstances of the case to be good, as against the appellants, still the evidence offered by them in the district court might, in our opinion, have *624 been properly received in mitigation of damages and we think the judge erred in rejecting it.
Morel for the plaintiff, Esnault for the defendants.
III. We are also of opinion that there is error in the opinion in the district court, in refusing to suffer the deposition of Maxent, legally taken on the part of the appellants to be read in evidence to the jury. The circumstance of the witness having been previously examined in the cause, at the instance of the plaintiff and appellee, is not a good reason, why he should not have been again examined by the appellants, if no other legal impediment existed.
It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed, and that the cause be sent back to be tried anew, with directions to the court to admit oral or other legal evidence to prove the fiction and fraud, in the transaction between the plaintiff and appellee and Maxent, by virtue of which the former claims title to the slave the subjects of the present suit, and also, to admit the deposition of Maxent, taken on the part of the defendants and appellants, if it has been regularly received.